United States District Court
Southern District of Texas
**ENTERED**
March 28, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN PASCHAL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-23-2051 |
| § | |
| ALLSTATE VEHICLE & § | |
| PROPERTY INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Document No. 8). Having considered the motion, submissions, and applicable law, the Court determines that the motion for summary judgment should be granted.

## I. BACKGROUND

This is an insurance dispute. Plaintiff John Paschal ("Paschal") was the owner of a homeowner's insurance policy (the "Policy") sold by Defendant Allstate Vehicle & Property Insurance Company ("Allstate"). On April 22, 2022, through legal counsel, Paschal filed a claim under his Policy for damages to the flooring of his home. Paschal asserted his floor was damaged by vandalism, which is covered under the Policy. Allstate contends that during the investigation, it was determined that contractors caused the damage during renovations to Paschal's dwelling.

Allstate further contends the Policy explicitly exempts damages caused by contractors and poor workmanship.

Based on the foregoing, on June 18, 2021, Paschal filed suit in the Harris County Civil Court at Law No. 1 asserting claims for: (1) breach and anticipatory breach of contract; (2) breach of duty of good faith and fair dealings; (3) deceptive trade practice and unconscionable conduct; (4) failure to make prompt payment violation of Texas Insurance Code Chapter 542; (5) unfair insurance practices in violation of Texas Insurance Code Chapter 541; (6) fraud; and (7) ongoing conspiracy to commit illegal acts. On June 5, 2023, Allstate removed the case to this court, asserting diversity jurisdiction. On November 11, 2023, Paschal's attorney moved to withdraw from the case, citing a breakdown in the attorney-client relationship. On November 27, 2023, the Court granted the motion, as a result, Paschal is now *pro se*. On February 26, 2024, Allstate moved for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the

elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137

3

n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

Allstate contends that summary judgment is proper because the Policy explicitly bars coverage related to damages caused by a construction contractor's mistake and subsequent repairs by a subcontractor. Allstate further contends that Paschal has offered no evidence to support his claims that vandalism caused the damage.[1] Paschal did not respond to Allstate's motion for summary judgment. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4.

"Insurance policies are contracts." *Certain Underwriters at Lloyd's of London 21cvv. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018). Therefore, a federal court sitting in diversity in Texas applies Texas law in the interpretation of insurance policies. *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir.

---

[1] Vandalism has been defined by the courts as "[d]amage done for no purpose other than to destroy property for destruction's sake." *Essex Ins. Co. v. Eldridge Land, L.L.C.*, 442 S.W.3d 366, 372, 2010 (Tex. App.–Houston [14th dist.] 20210, pet. Denied).

2011). Under Texas law, a plaintiff must provide proof the claimed damages are covered by the insurance policy. *See Lowen Valley View*, 892 F.3d at 170. If an insurance contract is not ambiguous, "the court will construe the contract as a matter of law." *Paloma Res., LLC v. Axis Ins. Co.*, 452 F. Supp.3d 579, 584 (S.D. Tex. 2020) (Hanks, J.) (citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)). If a policy exclusion unambiguously precludes coverage for a claim as a matter of law, the insurer is entitled to summary judgment. *Id.* at 586; *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997).

The Policy explicitly stated that it would not cover certain excluded events. In the listing of excluded events, subsection three stated:

> Planning, Construction, or Maintenance, meaning faulty, inadequate, or defective.
> a) planning, zoning, development, surveying, siting;
> b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> c) materials used in repair, construction, renovation, or remodeling; or
> d) maintenance;
> of property, whether on or off the residence premises, by any person or organization.[2]

---

[2] *Defendant's Motion for Summary Judgment*, Document No. 8, Exhibit C at 38 (*The Policy*).

Paschal testified during a deposition that a contractor hired to do some work on his home inadvertently spilled some acid on his floor.[3] As a result the contractor hired a subcontractor to enter Paschal's home and repair the floor.[4] There seems to be no dispute that the damage here was caused by a contractor and the apparent poor workmanship of a subcontractor who attempted to repair the damage. Additionally, there has been no evidence presented to suggest vandalism occurred. Paschal admitted in a deposition that there had been no police report taken or any other documentation of vandalism.[5] Paschal did not respond to the motion for summary judgment. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Accordingly, Paschal does not rebut or offer evidence or authority showing the Policy provides coverage in this instance. Thus, the Court finds the plain language of the Policy excludes coverage for the damage claimed by Paschal.[6] Therefore, the Court finds that all of Pashcal's claims fail as a matter of law because

---

[3] *Defendant's Motion for Summary Judgment*, Document No. 8 at 2.

[4] *Defendant's Motion for Summary Judgment*, Document No. 8 at 2.

[5] *Defendant's Motion for Summary Judgment*, Document No. 8 at 2–4.

[6] The Court notes that all of Paschal's causes of action fail because they all stem from Allstate's failure to cover the damages claimed. Because the Policy unambiguously bars coverage under these circumstances all of Paschal's extra-contractual claims also fail. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018) (holding an insured cannot recover *any* damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits).

no coverage is afforded under the Policy. Accordingly, the Court finds Allstate's motion for summary judgment should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's Motion for Summary Judgment (Document No. 8) is **GRANTED.**

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this 28 day of March, 2024.

DAVID HITTNER
United States District Judge